CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 08, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARLTON LORENZA REID, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00092 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER HICKS, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Carlton Lorenza Reid, Jr., proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against Defendants Officer Hicks, the Campbell County Police Department, and the Rustburg Police Department. (*See* ECF No. 1.) Plaintiff claims that Officer Hicks arrested and charged him without sufficient justification and for crimes he did not commit. (*See id.* at 4–7.) This matter is now before the court for review under 28 U.S.C. § 1915A.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, when a party, like Plaintiff, has requested permission to proceed *in forma pauperis*, the court must dismiss a case upon determining that the action "(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ." *Id.* ¶ 1915(e)(2)(B).

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. Plaintiff's claims against the Campbell County Police Department and the Rustburg Police Department are frivolous and fail to state a claim because those Defendants are not subject to suit under § 1983.[1] *See Thompson v. City of Danville, Va.*, No. 4:10cv00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) ("Local police and sheriff's departments in Virginia are '*non suis juris*,' meaning they simply do not have the capacity to be sued."); *Santiago v. Lynchburg Police Dep't*, No. 7:23CV00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) ("[I]n Virginia, police departments are not persons amenable to suit under § 1983.").

Consequently, Plaintiff cannot proceed with his claims against the Campbell County Police Department and the Rustburg Police Department, and Plaintiff's claims against them will be dismissed without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 8th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[1] Although municipalities, such as Campbell County and the Town of Rustburg, can be liable under § 1983 under certain circumstances, Plaintiff has not alleged any such circumstances are present here. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").